ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
FRANK J. ANDERS, ESQ., S.B. #227208
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALBERT HUTTO, *et al.*, ) | No. C 08-04401-EMC |
| Plaintiffs, ) | JOINT MOTION AND STIPULATION TO STAY PROCEEDING OR, IN THE ALTERNATIVE, TO CONTINUE CASE MANAGEMENT DEADLINE AND CONFERENCE, AND TO EXTEND TIME; [PROPOSED] ORDER TO STAY; [P~~ROPOSED ALTERNATI~~VE] ORDER TO CONTINUE |
| vs. ) | |
| GENERAL ELECTRIC COMPANY, ) *et al.*, ) | |
| Defendants. ) | |

Pursuant to Civil L. R. 7-11 and 7-12, the following parties hereby stipulate to, and respectfully move the Court for, an Order extending time as set forth in the *Case Management Scheduling Order* filed September 19, 2008, for the following good cause:

On October 20, 2008, October 22, 2008 and October 24, 2008, Defendants NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY and NORTHROP GRUMMAN SHIP SYSTEMS, INC.; Defendant WARREN PUMPS, LLC; and, Defendant GENERAL ELECTRIC COMPANY filed Notice to Tag Along Action regarding the pending Multidistrict Litigation ("MDL") in the Eastern District of Pennsylvania, seeking among other things, to move Jurisdiction of this matter to that District (Documents 5, 11, 16, respectively).

////

1   Said Defendants have provided Plaintiffs' counsel with copies of cover letters showing
2   that this notice was mailed to the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to
3   28 U.S.C. § 1407; said notice to the JPML from counsel being necessary to initiate the transfer
4   process.

5   On July 29, 1991, the JPML entered an order transferring all asbestos personal injury
6   cases pending in the federal courts to the United States District Court for the Eastern District of
7   Pennsylvania, for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. (*In re Asbestos*
8   *Products Liability Litigation (no. VI). MDL No. 875.*, 771 F.Supp. 415 (1991)). That order also
9   applies to "tag-along actions," or actions involving common questions of fact filed after January
10  17, 1991. Such actions are to be transferred to the eastern District of Pennsylvania as part of
11  MDL 875, for coordinated pretrial proceedings.

12  The JPML has held that a district court has the authority to stay pending a transfer order.
13  *In re Asbestos Products Liability Litigation,* 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001)
14  ("[T]hose courts concluding that such issues should be addressed by the transferee judge need
15  not rule on them, and the process of 1407 transfer in MDL-875 can continue without any
16  unnecessary interruption or delay.")

17  The parties agree that it is likely that the JPML will transfer this matter to the Eastern
18  District of Pennsylvania. The Clerk of the JPML has not entered a *Conditional Transfer Order*
19  pursuant to JPML Rule 12(a) or filed an order to show cause why the action should not be
20  transferred, pursuant to JPML Rule 13(b). It is likely the dates set forth in the *Case Management*
21  *Scheduling Order* including the deadlines imposed by Federal Rules of Civil Procedure, Rule
22  26, will pass before the Clerk of the JPML acts.

23  In addition, Defendant GENERAL DYNAMICS CORPORATION has not yet filed an
24  Answer.

25  The parties make this Motion on the grounds that a stay of this action would (a) promote
26  judicial efficiency, (b) allow consistency in pretrial rulings, and (c) be most convenient to the
27  parties.
28  ////

1     For the reasons above, the parties hereby STIPULATE to and respectfully request the Court VACATE its *Case Management Scheduling Order* and issue an Order STAYING this action pending the outcome of the MDL Panel's decision on the merits of the transfer.

    In the alternative, the parties hereby STIPULATE to and respectfully request that this Court vacate and continue the dates set forth in the *Case Management Scheduling Order* pending the outcome of the JPML's decision on the merits of the transfer.

| | |
|---|---|
| Dated: November 4, 2008 | BRAYTON❖PURCELL LLP |
| | /s/ David R. Donadio |
| | By: _____ |
| | David R. Donadio |
| | Attorneys for Plaintiffs |
| | |
| Dated: November 4, 2008 | SEDGWICK, DETERT, MORAN & ARNOLD, LLP |
| | /s/ Derek S. Johnson |
| | By: _____ |
| | Derek S. Johnson |
| | Attorneys for Defendant |
| | General Electric Company |
| | |
| Dated: November 4, 2008 | HAIGHT BROWN AND BONESTEEL LLP |
| | /s/ Nairi Chakalian |
| | By: _____ |
| | Daniel J. Kelly; Nairi Chakalian |
| | Attorneys for Defendant |
| | Newport News Shipbuilding and Dry Dock Company and Northrop Grumman Ship Systems, Inc. |
| | |
| Dated: November 10, 2008 | CARROLL, BURDICK, & MCDONOUGH LLP |
| | /s/ Gregory David Meronek |
| | By: _____ |
| | Gregory David Meronek |
| | Attorneys for Defendant |
| | Warren Pumps, LLC |

///

///

|     |                                                                                     |
| --- | ----------------------------------------------------------------------------------- |
| 1   | [PROPOSED] **ORDER TO STAY**                                                        |
| 2   | IT IS HEREBY ORDERED that the hearing date and deadlines specified in the *Case*    |
| 3   | *Management Scheduling Order* dated September 19, 2008, are hereby VACATED and that this |
| 4   | action is STAYED pending the outcome of the JPML's decision on the merits of the transfer. |
| 5   | Dated: _____                                                           |

(lines 2–5 struck through with diagonal line)

_____
Edward M. Chen
United States Magistrate Judge

[P~~ROPOSED~~ *ALTERNATIVE*] **ORDER TO CONTINUE**

IT IS HEREBY ORDERED that the hearing date and deadlines specified in the *Case Management Scheduling Order* dated September 19, 2008, are hereby VACATED.

IT IS FURTHER ORDERED that the following case management deadlines are continued as follows:

1. The Case Management Conference is [set for a date after February 20, 2009 to wit:] _May 27_____, 2009; at 1:30 p.m. Courtroom C, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.

2. Last day to meet and confer re initial disclosures, early settlement, ADR process selection, and discovery plan is 21 days before the Case Management Conference in paragraph 1, above.

3. Last day to file Joint ADR Certification with Stipulation to ADR process or Notice of Need for ADR Phone Conference is 21 days before the Case Management Conference in paragraph 1, above.

4. Last day to complete initial disclosures or state objection to Rule 26(f) Report, file/serve Case Management Statement and file/serve Rule 26(f) Report is 5 court days before the Case Management Conference in paragraph 1, above.

Dated: _November 17, 2008___

_____
Edward M. Chen
United States Magistrate Judge

[Stamp: IT IS SO ORDERED AS MODIFIED — Judge Edward M. Chen, United States District Court, Northern District of California]